UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

DESIGN BASICS, LLC,
PLAN PROS, INC.,

                              Plaintiffs,

v.                                                     Case No. 14-CV-1083

J&V ROBERTS INVESTMENTS, INC.
d/b/a ROBERTS HOMES & REAL ESTATE, and
JAMES A. ROBERTS d/b/a ROBERTS HOMES & REAL
ESTATE,

Defendants,

WILSON MUTUAL INSURANCE COMPANY, and
ACUITY, A MUTUAL INSURANCE COMPANY,

Intervening Defendants.

---

### BRIEF OF DEFENDANTS J & V ROBERTS INVESTMENTS, INC. AND JAMES A. ROBERTS IN OPPOSITION TO ACUITY'S MOTION FOR SUMMARY JUDGMENT

---

      Acuity's primary argument based upon the "prior publication" exclusion ignores a critical fact that distinguishes this case from those on which Acuity relies, namely that the asserted prior publication here was not by the insured (J&V Roberts Investments and James Roberts, the "Roberts Defendants"), but was by an unrelated third party (Wausau Homes). The distinction is significant, since properly understood, the prior publication exclusion only applies to prior publication by the *insured*.

Acuity's alternative argument based on the "knowing violation of the rights of another" is based on the erroneous premise that willful copyright infringement is necessarily a knowing violation of another's copyright. It is not.

## BACKGROUND FACTS

The Roberts Defendants take no issue with the general factual background set forth by Acuity for purposes of the pending summary judgment proceedings.

## LEGAL FRAMEWORK

An insurance policy is a contract between the insured and the insurer. Thus, its interpretation is generally governed by the same rules of construction that apply to other contracts. *Estate of Sustache v. Am. Family Mut. Ins. Co*., 2008 WI 87, 311 Wis. 2d 548, 559, 751 N.W.2d 845, 850. The language of an insurance policy is construed as it "would be understood by a reasonable person in the position of the insured." *Am. Family Mut. Ins. Co. v. Am. Girl, Inc.,* 2004 WI 2, ¶ 23, 268 Wis.2d 16, 673 N.W.2d 65. "The touchstone for determining whether the [plaintiff] has alleged an advertising injury is the enumerated offenses in the insurance policy." *Fireman's Fund Ins. Co. of Wis. v. Bradley Corp.*, 2003 WI 33, 261 Wis. 2d 4, 22, 660 N.W.2d 666, 675.

Once it is determined that the policy provides an initial grant of coverage, the burden shifts to the insurer to show that an exclusion nevertheless precludes coverage. *Day v. Allstate Indem. Co.,* 332 Wis.2d 571, 798 N.W.2d 199, 206 (Wis.2011). "Coverage exclusion clauses are construed narrowly against the insurer." *Acuity v. Chartis Specialty Ins. Co.,* 2015 WI 28, ¶ 24, 361 Wis. 2d 396, 408, 861 N.W.2d 533, 539 (Wis. 2015), quoting *Donaldson v. Urban Land Interests, Inc.,* 211 Wis.2d 224, 230, 564 N.W.2d 728 (1997). However, when language in an insurance policy is ambiguous, it should be construed against the insurance company that drafted

the policy. *Acuity,* 2015 WI 28, ¶ 24, 361 Wis. 2d at 407, 861 N.W.2d at 539; *see also Design Basics LLC v. Campbellsport Bldg. Supply Inc.*, 2015 WL 1609144, *10 (D.C. E.D. Wis. 2015) ("if the effect of an exclusion is ambiguous or uncertain, it will be construed in favor of coverage").

**ARGUMENT**

Acuity acknowledges that its policies issued to the Roberts Defendants provide an initial grant of coverage based upon the alleged copyright infringement allegedly arising out of the Roberts Defendants' advertisement of the Brookhaven plan on their website beginning in 2002. Thus, Acuity's argument, and the Roberts' Defendants' response below, focus on the policy exclusions that Acuity maintains apply to bar coverage for the alleged advertising injury arising out of the website advertisement for the Brookhaven plan.

**I.    The Prior Publication Exclusion Does Not Bar Coverage Because It Does Not Apply When the Publication Prior Was by an Unrelated Third Party**

The Acuity policies in question exclude coverage for personal and advertising injury "arising out of oral or written publication of material whose first publication took place before the beginning of the policy period." Acuity creatively attempts to argue that since Wausau Homes had included its Brookhaven plan in a plan book it created in 2000 (prior to the issuance of Acuity's first policy to the Roberts Defendants), the Roberts Defendants' placement of a copy of the Brookhaven plan on their website in 2002 (which gave rise to the copyright infringement claim asserted by the Plaintiffs) is excluded from coverage under the "prior publication" exclusion.

Acuity cites the opinion in *Capitol Indem. Corp. v. Elston Self Serv. Wholesale Groceries, Inc.*, 559 F.3d 616 (7th Cir. 2009), for the proposition that the "prior publication" policy language (the same language at issue in the Acuity policies) is "clear and unambiguous,"

(Acuity brief at 15, Doc. #53), but then simply disregards the Seventh Circuit's explanation of the term's meaning: "[I]t seems clear that the exclusion only abrogates the duty to defend where ***the insured's first publication of actionable material*** occurred prior to the beginning of its policy." *Id*. at 620 (emphasis added). The *Capitol Indemnity* court explained the rationale for its conclusion:

> By its terms, the prior publication exclusion abrogates the insurer's duty to defend only where it can prove that ***the insured's prior publication*** of the same actionable, injurious material alleged in the underlying complaint occurred prior to the beginning of its policy. This interpretation is logical because the exclusion exists to prevent an insured from purchasing an insurance policy to cover liability for illegal acts which ***it*** had undertaken prior to purchasing the policy. Put another way, the purpose of the exclusion is to prevent an individual who has caused an injury from buying insurance so that he can continue his injurious behavior.

*Id*. (emphasis added). The Seventh Circuit also harmonized its holding in *Capitol Indemnity* with its prior decision in *Taco Bell Corp. v. Cont'l Cas. Co.,* 388 F.3d 1069 (7th Cir. 2004) (which Acuity quotes prominently) by emphasizing that it is the wrongful act from which the claim alleged in the underlying complaint arises that is the focus of the prior publication exclusion:

> In *Taco Bell's* copyright hypothetical, it is the wrongful act that triggers the prior publication exclusion. ***If the insured does not publish actionable material prior to the policy date, the prior publication exclusion will not apply***, regardless of whether the insured publishes very similar material that is actionable after the policy inception.

*Id*. at 620-21 (emphasis added).

The prior publication exclusion as explained by the Seventh Circuit in *Capitol Indemnity* plainly does not bar coverage for the Plaintiffs' claim against the Roberts Defendants because the wrongful act out of which the Plaintiffs' claim arises (the Roberts Defendants' placement of the Brookhaven plan on their website in 2002) occurred after the Acuity policy was in place. The prior publication exclusion only applies to wrongful acts of the insured that occur prior to the
{00863822.DOCX / } 4

policy inception. All of the cases cited by Acuity at pages 15 – 16 of its brief in support of its interpretation of the prior publication exclusion are distinguishable from the present case because in each of the cited cases the insured had itself engaged in the act deemed to constitute a "prior publication." Acuity has not cited single case in which a prior publication of infringing material by an unrelated third party was held to trigger the prior publication exclusion.

The inapplicability of the prior publication exclusion is buttressed in this case by the fact that the act by the Roberts Defendants giving rise to the claim alleged by the Plaintiffs (placing the Brookhaven plan on the Roberts Defendants' website in 2002) is a completely separate and distinct act from that which Acuity asserts constitutes prior publication before the Acuity policy (Wausau's publication of a plan book in 2000). While it may in some instances be logical that liability flowing from an infringing act that the insured commits prior to the policy inception is excluded from coverage, it does not follow that liability for a separate and distinct infringing act occurring after the policy is in place should also be excluded from coverage.

## II. Willful Infringement Is Not Enough To Trigger the Exclusion for Knowing Violation of the Rights of Another

Acuity's alternative argument that its duty to indemnify the Roberts Defendants should exclude the claim for willful copyright infringement and violation of the DMCA based upon the use of the Brookhaven plan under the exclusion for advertising injury caused by the insured "with the knowledge that the act would violate the rights of another" fails to take into account the proper interpretation of "willful" copyright infringement. Acuity's argument that willful infringement necessarily entails knowledge that the act would violate the rights of another is contrary to the law.

The Seventh Circuit has explained that "a finding of willfulness is justified if the infringer knows that its conduct is an infringement or if the infringer has acted in reckless

{00863822.DOCX / } 5

Case 2:14-cv-01083-JPS Filed 07/06/15 Page 5 of 7 Document 59

disregard of the copyright owner's right." *Wildlife Express Corp. v. Carol Wright Sales, Inc.,* 18 F.3d 502, 511 (7th Cir.1994) (internal quotation marks omitted). The Fifth Circuit recently addressed the interplay between this willfulness standard in the copyright infringement context and the "knowing violation of the rights of another" exclusion asserted by Acuity:

> The underlying trial court's determination that there was a willful violation of KFA's copyright under § 504(c)(2) would not settle the issue of whether that violation was knowing; a violation can amount to reckless conduct and still be willful under the statute. . . . [T]he infringement could be willful conduct under § 504(c)(2), entitling KFA to enhanced damages, without a finding of knowing infringement thereby excluding coverage.

*Graper v. Mid-Continent Cas. Co.,* 756 F.3d 388, 395 (5th Cir. 2014) citing *Safeco Ins. Co. of America v. Burr,* 551 U.S. 47, 58, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007).

Similarly, a claim for damages for a violation of the DMCA is not limited to conduct that is "knowing," which would presumably meet the "knowing violation of the rights of another" exclusion. Instead, the statute imposes civil liability for violations committed by a person "knowing, or . . . ***having reasonable grounds to know***, that it will induce, enable, facilitate, or conceal an infringement of any right under this title. 17 U.S.C.A. § 1202 (emphasis added). "Having reasonable grounds to know" is undeniably broader than "having knowledge that the act would violate the rights of another." Since it is possible the jury could find the Roberts Defendants liable under the DMCA for "having reasonable grounds to know" to know of a violation without finding actual knowledge, as in *Graper,* the "knowing violation of the rights of another" exclusion does not preclude coverage based on the facts as developed at this point. While it is possible the jury could find a "knowing violation," that is a material fact that Acuity has failed to establish on the record at this point.

Acuity's argument regarding the principle of fortuity should be dismissed for the same reason as the "knowing violation of the rights of another" exclusion. The principle of fortuity

precludes coverage for damage intentionally caused by the insured. As discussed above, willful copyright infringement is not limited to knowing or intentional copyright violations, but also encompasses the reckless disregard of the rights of another. The court in *Becker by Kasieta v. State Farm Mut. Auto. Ins. Co.,* 220 Wis. 2d 321, 327, 582 N.W.2d 499, 501 (Ct. App. 1998), analyzed whether the fortuity doctrine precludes insurance coverage for reckless conduct (in that case, reckless driving) and concluded the doctrine did not bar coverage for damage caused by reckless behavior. While it might be possible that the jury will determine that the Roberts Defendants more than satisfied the definition of willfulness and intentionally caused the copyright damages alleged by the Plaintiffs, the mere allegation of willfulness does not sustain Acuity's burden of demonstrating that it is entitled to judgment as a matter of law. Whether the Plaintiffs ultimately prove knowing infringement is a material question of fact that will have to be resolved at trial.

## CONCLUSION

For the reasons set forth above, the Roberts Defendants respectfully request that Acuity's motion for summary judgment be denied.

Respectfully submitted,

July 6, 2015  　　　　　　　　　　*/s/ John P. Fredrickson*
　　　　　　　　　　　　　　　　　John P. Fredrickson
　　　　　　　　　　　　　　　　　E-mail: jpf@boylefred.com
　　　　　　　　　　　　　　　　　Brad L. Meyer
　　　　　　　　　　　　　　　　　E-mail: blm@boylefred.com
　　　　　　　　　　　　　　　　　Boyle Fredrickson, S.C.
　　　　　　　　　　　　　　　　　840 North Plankinton Avenue
　　　　　　　　　　　　　　　　　Milwaukee, WI 53203
　　　　　　　　　　　　　　　　　Telephone: 414-225-9755
　　　　　　　　　　　　　　　　　Facsimile: 414-225-9753

　　　　　　　　　　　　　　　　　*Attorneys for the Roberts Defendants*