UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DESIGN BASICS, LLC, and　　　　　　　　　　　　　　Case No.:　　14 CV 1083
PLAN PROS, INC.,

 Plaintiffs,

v.

J&V ROBERTS INVESTMENTS, INC.,
 D/B/A ROBERTS HOMES & REAL ESTATE,
JAMES A. ROBERTS,
 D/B/A ROBERTS HOMES & REAL ESTATE, and
WILSON MUTUAL INSURANCE COMPANY

 Defendants,

and

ACUITY, A MUTUAL INSURANCE COMPANY,

 Intervenor Defendant.

---

**REPLY BRIEF OF INTERVENOR DEFENDANT, ACUITY, A MUTUAL INSURANCE COMPANY, IN SUPPORT OF ITS MOTION FOR SUMMARY/ DECLARATORY JUDGMENT**

---

 ACUITY moves this court for summary judgment, finding that it does not have a duty to defend or indemnify the defendants based on four main reasons: (1) ACUITY's policy provides insurance coverage only for those damages caused by infringement by the defendants upon another's copyright in their advertisement during the policy period; (2) Only one of the defendants' eight plans that are the subject of this suit, the Brookhaven plan, allegedly infringes upon another's copyright in the defendants' advertisement during ACUITY's policy period; (3) the Brookhaven plan was published before the beginning of ACUITY's policy period; and (4) ACUITY's policy excludes insurance coverage for advertising injury arising out of publication

of material whose first publication took place before the policy period. Defendants have conceded (1) through (3) above. *See Mervosh v. Labor and Industry Review Commission*, 2010 WI App 36, ¶10, 324 Wis. 2d 134, ¶10, 781 N.W.2d 236, ¶10 (Wis. Ct. App. 2010) (holding that arguments not rebutted are deemed admitted); *see also Charolais Breeding Ranches, Ltd. V. FPC Securities Corp*., 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Wis. Ct. App. 1979). Defendants have also conceded that ACUITY's policy contains a prior publication exclusion. However, defendants argue that the prior publication exclusion requires that it must be *the insured* that publishes the allegedly infringing material prior to the policy period for the exclusion to apply. This Reply will address this remaining issue of debate, as well as ACUITY's alternative claim for declaratory judgment.

## ARGUMENT

### I. THE PRIOR PUBLICATION EXCLUSION APPLIES TO BAR COVERAGE.

#### a. ACUITY's contract language is clear and unambiguous.

Defendants concede that ACUITY does not owe a duty to indemnify for any alleged copyright infringement in the insured's advertisement for plans other than the Brookhaven plan. *See id.* There is no dispute that the allegedly infringing Brookhaven plan was first published in 2000, two years prior to ACUITY's policy. (Doc. 60, p. 12, ¶ 39.). In fact, defendants admit that, as a Wausau Homes Dealer, they were in possession of the Wausau Homes plan book containing the Brookhaven plan since 2000 and used it until mid-year 2009. (Doc. 57, p. 3, ¶ 8.) Defendants admit ACUITY's policy contains a prior publication exclusion. (Doc. 60, p. 8, ¶ 30.). Nonetheless, defendants argue in response to ACUITY's motion that such exclusion applies only if the prior publication of the allegedly infringing material is by the *insured*. (Doc.

59.)  Examination of the contract between the parties is necessary to resolve this remaining issue of dispute.

The goal of interpreting an insurance policy, like the goal in interpreting any contract, is to ascertain and carry out the parties' intentions.  *Hirschhorn v. Auto-Owners Ins. Co.*, 2012 WI 20, ¶ 22, 338 Wis. 2d 761, 772 (Wis. 2012).  An insurance policy should be construed so as to give effect to the parties' intentions.  *Folkman v. Quamme*, 2003 WI 116, ¶ 12, 264 Wis. 2d 617 (Wis. 2003).  Courts must "interpret policy language according to its plain and ordinary meaning as understood by a reasonable person in the position of the insured."  *Hirschhorn*, 2012 WI 20, ¶ 22.  Here, the prior publication exclusion has already been held to be unambiguous.  *See Capitol Indem. Corp. v. Elston Self Serv. Wholesale Groceries, Inc.*, 559 F.3d 616, 620 (7th Cir. 2009); *see also United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 777 (9th Cir. 2009).  "If there is no ambiguity in the language of an insurance policy, it is enforced as written, without resort to rules of construction or applicable principles of case law."  *Folkman*, 2003 WI 116, ¶ 13.

"When the terms of an insurance policy are plain on their face, the policy must not be rewritten by construction."  *Smith v. Atl. Mut. Ins. Co.*, 155 Wis. 2d 808, 811, 456 N.W.2d 597, 599 (Wis. 1990).  In constructing a contract, "courts cannot insert what has been omitted or rewrite a contract made by the parties."  *Columbia Propane, L.P. v. Wisconsin Gas Co*., 2003 WI 38, ¶ 12, 261 Wis. 2d 70, 85, 661 N.W.2d 776, 783 (Wis. 2003).  A court cannot rewrite a policy to provide coverage where there is none.  *Kremers-Urban Co. v. Am. Employers. Ins. Co.,* 119 Wis. 2d 722, 735, 351 N.W.2d 156 (Wis. 1984).  Further, a policy does not become ambiguous merely because an insurer uses broad or general terms in an insurance policy.  *Mattheis v. Heritage Mut. Ins. Co.*, 169 Wis. 2d 716, 722, 487 N.W.2d 52 (Wis. Ct. App. 1992).

ACUITY's prior publication exclusion from April 27, 2001 to April 27, 2004 provides as follows:

This insurance does not apply to:

    a. *Personal and advertising injury*:
    . . .

        (3) Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

(Doc 60, ¶ 30; Doc 54, Rice Aff. Exs. A – CGL Form at 4, Exs. B, C – CGL Form at 5.)

ACUITY's prior publication exclusion for the policy period of April 27, 2004 to April 27, 2005 contained the following exclusion:

This insurance does not apply to:
. . .

    **c. Material Published Prior to Policy Period**

    *Personal and advertising injury* arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

(Doc. 60, ¶ 30; Doc. 54, Rice Aff. Ex. D – CGL Form at 5.)

The plain language of ACUITY's policy does not provide for a requirement that the prior publication be by an *insured*. ACUITY's policy is meant to have broad application, and the language so reflects that intent. ACUITY's broad language excludes the risk of advertising injury arising out of allegedly infringing material that had already been published before ACUITY even accepts the risk. It matters not to ACUITY whether it was the insured or another that created or published the allegedly infringing work prior to ACUITY's policy period. The policy language so reflects this position.

4

### b. ACUITY's policy differs from those policies that require that *the insured* publish prior to the policy period.

Had ACUITY wanted to draft its policy to limit its prior publication exclusion and provide for additional circumstances of coverage, ACUITY could and would have drafted its policy language to reflect the change in risk. For example, ACUITY directs the court to the prior publication exclusions in Wilson Mutual Insurance Company's policies, which contained such language. In Wilson Mutual's Contractors Policy from April 27, 2005 to April 27, 2010, the policy contained an exclusion that reads as follows:

> 2. **We** do not pay for **personal injury or advertising injury** arising out of:
> . . .
>
>> b. oral or written publication of the same or similar material **by or on behalf of an insured** that took place prior to the policy.

(Doc. 43, p. 5 (bold emphasis added in subparagraph).)

Wilson Mutual's umbrella liability policy issued from April 27, 2007 to April 27, 2010 also contained the following exclusion:

> 26. "We" do not pay for "personal injury" or "advertising injury" arising out of:
> . . .
>
>> b. oral or written publication of the same or similar material done **by or on behalf of an 'insured'** that took place prior to the policy.

(Doc. 43, p. 11 (bold emphasis added in subparagraph).)

For the Commercial Package Policy issued by Wilson Mutual from April 27, 2005 to April 27, 2009, it contained the following exclusion:

> 2. **We** do not pay for **personal injury or advertising injury** arising out of:
> . . .
>
>> b. oral or written publication of the same or similar material **by or on behalf of an insured** that took place prior to the policy.

(Doc. 43, p. 15 (bold emphasis added in subparagraph).)

Wilson Mutual's policy language for the time periods reflected above was very specific and required the insured, or someone on the insured's behalf, to publish the allegedly infringing material prior to its policy period. This is markedly different from ACUITY's language and Wilson Mutual's later language, which is broader and does not have the same requirements regarding the identity of the prior publisher. To require that ACUITY's policy be read in the same manner as policies with such specific language is adding or changing the plain language of the insurance contract.

Defendants argue that "ACUITY has not cited a single case in which a prior publication of infringing material by an unrelated third party was held to trigger the prior publication exclusion." (Doc. 59, p. 5.) For example, defendants cite to *Capitol Indem. Corp. v. Elston Self Serv. Wholesale Groceries, Inc.*, 559 F.3d 616 (7th Cir. 2009) to argue that the prior publication requires the infringing act to have been committed by the insured. It is true that the same exclusionary language was at issue in *Capitol Indem. Corp.*, but the court in that case was specifically analyzing whether the *insured's* prior publication barred coverage. *Id.* at 620. Cases can help guide analysis, but the law and contract language must be applied to the facts of the matter at hand. It would be contrary to ACUITY's insurance policy to require that the defendants published the allegedly infringing material prior to the policy period. The plain language of ACUITY's policy requires only that the first publication of the allegedly infringing oral or written material occur prior to ACUITY's policy period. To turn the argument around, it is defendants that have not cited a single case in which the same prior publication exclusion was held to be invalid or inapplicable as applied to a similar fact scenario that is now before the court. Indeed, it would be contrary to contract.

6

Case 2:14-cv-01083-JPS   Filed 07/20/15   Page 6 of 11   Document 75

### c. Defendants advertised the Brookhaven plan prior to the ACUITY policy.

ACUITY's policy should be read and applied as written. However, to the extent the court agrees there needs to be some sort of connection between the insured and the prior publisher, ACUITY takes issue with defendants' characterization of Wausau Homes as being "an unrelated third party." (Doc. 59, p. 1.) Defendants were exclusively licensed dealers of Wausau Homes' plans, including the Brookhaven design plan, since 1989. (Doc. 60, p. 12, ¶¶ 38, 40.) They were in possession of and used the Wausau Homes plan book, which included the Brookhaven plan, from 2000 until mid-year 2009. (Doc. 57, p. 3, ¶ 8.) Defendants even affixed their label on the Wausau Homes plan book to advertise their affiliation with Wausau Homes and the plans contained therein. (*See* Doc. 54-10, sub-exhibit B.) Although irrelevant given the language in ACUITY's policy, the only reasonable inference is that defendants were holding out their affiliation with Wausau Homes and the Wausau Homes' plans, including the Brookhaven plan, to their consumers prior to obtaining insurance through ACUITY. To now say that ACUITY should ignore that and provide coverage because it was Wausau Homes, an unrelated third party, and not the insured who allegedly infringed prior to ACUITY's policy period, is insincere.

### d. Regardless of the medium, the same plan, the Brookhaven plan, was advertised both prior to and after inception of ACUITY's policy period.

It is undisputed that the Brookhaven plan was published in a plan book in 2000. In 2002, the defendants put the same Brookhaven plan on their website. Advertising the same allegedly infringing material in a different medium at a later date does not negate the applicability of the prior publication exclusion. In other words, defendants are publishing — advertising — the same allegedly infringing material.

7

In *Taco Bell Corp. v. Cont'l Cas. Co.*, the Seventh Circuit provided analysis of a similar hypothetical situation:

> Suppose a magazine article that infringed copyright and was published before the policy period began was republished later as part of an anthology. The anthology would be a different, probably a much different, work from the magazine, but the wrongful act—the copying of the copyrighted article without authorization—would be the same and so the prior-publication exclusion would, we believe (we can find no reported cases on the question), click in.

*Taco Bell*, 388 F.3d 1069, 1073 (7th Cir. 2004). The issue in *Taco Bell* was one of misappropriation, which has a certain vagueness without definite boundaries. *Id.* at 1073-74. The court illustrated the prior publication exclusion more clearly by considering copyright infringement. *Id.* at 1073. "The copyright infringer copies an expressive work (or a significant part of it) that is 'fixed in any tangible medium of expression,' and that therefore has pretty definite metes and bounds." *Id.* at 1074.

Plaintiffs have alleged copyright infringement, in relevant part, by advertising of the allegedly infringing Brookhaven plan by the defendants. This allegedly infringing work is an architectural plan, which is a fixed medium of impression with definite metes and bounds. *See id.* The Brookhaven plan was first advertised in a plan book published in 2000. That the plan was later advertised in a different medium—defendants' website—during ACUITY's policy period is immaterial. The allegedly infringing material had already been advertised in a publication prior to ACUITY's policy period. Therefore, the exclusion applies to bar coverage since the risk had already materialized.

**II. ALTERNATIVELY, ACUITY SEEKS A DECLARATORY RULING THAT: (1) ITS ONLY EXPOSURE IS FOR COPYRIGHT INFRINGEMENT OF THE BROOKHAVEN HOME IN DEFENDANTS' ADVERTISEMENT AND (2) IT WILL NOT HAVE A DUTY TO INDEMNIFY THE DEFENDANTS FOR DAMAGES AWARDED FOR WILLFUL COPYRIGHT INFRINGEMENT OR VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT RELATED TO THE BROOKHAVEN HOME TO THE EXTENT THE JURY FINDS CONSISTENTLY WITH THE PLAINTIFFS' ALLEGATIONS IN THE COMPLAINT.**

ACUITY's alternative argument seeks a declaratory ruling consistent with the defendants' concessions as outlined above: that ACUITY's policy provides insurance coverage only for those damages caused by infringement of the defendants upon another's copyright in their advertisement of the Brookhaven plan during the policy period. If the court does not rule in favor of ACUITY that its prior publication exclusion applies to bar coverage for this limited exposure, ACUITY seeks a declaratory ruling that, to the extent the jury holds consistently with the allegations in the plaintiff's Complaint of conduct that satisfies the definition of willfulness and intentional, knowing behavior, ACUITY will have no duty to indemnify defendants for the damages awarded.

ACUITY did not seek summary judgment based on the "knowing violation of rights of another exclusion" or the principle of fortuity. In fact, ACUITY acknowledges that further discovery and/or trial will determine whether the exclusion and related principle are applicable based on the evidence. However, if the factual allegations of the plaintiffs are proven true, ACUITY should have no duty to indemnify the defendants for any damage ultimately awarded for the claims of willful copyright infringement and violation of the Digital Millennium Copyright Act in the defendants' advertisement of the Brookhaven plan, the only plan for which ACUITY has potential personal and advertising injury exposure.

ACUITY will seek a post-judgment determination of the applicability of the "knowing violation of the rights of another" exclusion, supported by the principle of fortuity. To that end, this alternative motion seeks further declaration that ACUITY have the opportunity to assist with creation of a special verdict to allow for such post-verdict coverage determinations.

## CONCLUSION

There are no disputed issues of fact related to this motion. ACUITY's coverage determination on summary judgment hinges on the argument of the defendants that ACUITY's policy exclusion should not be enforced as written. This is contrary to both contract interpretation and Wisconsin law regarding insurance policy analysis. Only one of the allegedly infringing plans—Brookhaven—was advertised during ACUITY's policy period. This plan was also advertised prior to ACUITY's policy period. Because ACUITY's policy excludes insurance coverage for advertising injury arising out of publication of material whose first publication took place before the policy period, there is no coverage. Without a duty to indemnify the defendants, ACUITY does not have a duty to defend. *Baumann v. Elliott,* 2005 WI App 186, ¶¶ 10-11, 25, 286 Wis. 2d 667 (Wis. Ct. App. 2005). Therefore, ACUITY requests the Court grant summary judgment that ACUITY has no duty to defend or indemnify the defendants in this lawsuit.

Alternatively, ACUITY seeks a declaration that its duty to indemnify is limited to damages caused by advertising injury arising out of alleged copyright infringement in the defendants' advertisement of only the Brookhaven plan. ACUITY also seeks a declaration that its duty to indemnify, if applicable, will be limited to damages awarded based on the non-willful copyright violations in defendants' advertisements as alleged by the Plaintiffs, and to ensure that ACUITY be afforded the opportunity that the special verdict utilized at the trial in this matter

will contain questions allowing determination post-verdict of those damages which may or may not be covered by the ACUITY policy (ACUITY's duty to indemnify).

Dated this 20th day of July, 2015.

s/Christine M. Rice_____
Christine M. Rice
WI State Bar No. 1055158
Krista G. LaFave Rosolino
WI State Bar No. 1094302
Attorneys for ACUITY, A Mutual Insurance Company
SIMPSON & DEARDORFF, S.C.
311 E. Chicago St., Ste. 410
Post Office Box 2183
Milwaukee, WI 53201-2183
Tel: 414-273-8550
Fax: 414-273-8551
Email: rice@simpsondeardorff.com
Email: rosolino@simpsondeardorff.com